■ In the Matter of ABDUL MAJID, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [724 NYS2d 661] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 27, 2000 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which rescinded certain inmate-to-inmate correspondence privileges.

Petitioner commenced this CPLR article 78 proceeding seeking to challenge a determination of respondent rescinding petitioner's permission to correspond with a codefendant incarcerated at another correctional facility. Supreme Court denied the petition and we affirm. The rules governing the inmate correspondence program indicate that authorization of inmate-to-inmate correspondence may be withdrawn when it is demonstrated that "one or both inmates have violated facility or department rules and regulations, that the safety, security or good order of a facility is jeopardized, or that the safety or well being of any individual is jeopardized" (7 NYCRR 720.6 [d] [2]; *see, Matter of DiRose v Herbert*, 219 AD2d 852). The letter at issue here, written by petitioner to a codefendant, could rationally be construed as threatening the safety of certain

individuals, including an inmate who had been transferred from the facility at which petitioner is incarcerated to the facility at which his codefendant is incarcerated. Accordingly, we find that there is a rational basis for respondent's determination to withdraw petitioner's inmate-to-inmate correspondence privilege with regard to this particular codefendant.

Cardona, P. J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.